# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**State of West Virginia,**
**Plaintiff Below, Respondent**

vs) **No. 15-0811** (Summers County 14-F-37)

**Danny L. Cook,**
**Defendant Below, Petitioner**

**FILED**

**April 10, 2017**

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Danny L. Cook, by counsel Benjamin N. Hatfield, appeals the Circuit Court of Summers County's July 29, 2015, order sentencing petitioner to a cumulative term of incarceration of three to eleven years. The State of West Virginia, by counsel Zachary Aaron Viglianco, filed a response. On appeal, petitioner alleges that he received ineffective assistance of counsel during the underlying proceedings.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In March of 2014, the Summers County grand jury indicted petitioner on one count each of burglary, second-degree sexual assault, and third-offense domestic battery. These charges stem from an incident in which petitioner allegedly broke into his former girlfriend's ("the victim's") residence; dragged the victim from her bedroom, down the stairs, and to the living room couch; ripped off her underwear; and forcibly penetrated the victim. Petitioner also smacked her, pushed the victim against the wall, punched her in the face, choked the victim, and threatened to kill her and her daughter.

The following year, petitioner pled guilty to two counts of attempt to commit a felony and one count of third-offense domestic battery. Thereafter, the circuit court sentenced petitioner to a cumulative term of incarceration of three to eleven years. Petitioner was also required to register as a sex offender for ten years upon his release from prison. This appeal followed.

As his lone assignment of error, petitioner contends that he received ineffective assistance of counsel which resulted in an increased prison sentence. We have long held that

> [i]t is the extremely rare case when this Court will find ineffective assistance of counsel when such a charge is raised as an assignment of error on a

1

direct appeal. The prudent defense counsel first develops the record regarding ineffective assistance of counsel in a habeas corpus proceeding before the lower court, and may then appeal if such relief is denied. This Court may then have a fully developed record on this issue upon which to more thoroughly review an ineffective assistance of counsel claim.

Syl. Pt. 10, *State v. Triplett*, 187 W.Va. 760, 421 S.E.2d 511 (1992). We have further held that

[t]he very nature of an ineffective assistance of counsel claim demonstrates the inappropriateness of review on direct appeal. To the extent that a defendant relies on strategic and judgment calls of his or her trial counsel to prove an ineffective assistance claim, the defendant is at a decided disadvantage. Lacking an adequate record, an appellate court simply is unable to determine the egregiousness of many of the claimed deficiencies.

*State v. Miller*, 194 W.Va. 3, 15, 459 S.E.2d 114, 126. On appeal, petitioner contends that his trial counsel was ineffective in two ways: (1) failing to appropriately interview witnesses or to investigate the case; and (2) failing to object to discrepancies in his presentence investigation report and sexual offender risk assessment during his sentencing hearing. Based upon our review of the same, we find that the record herein is insufficient to determine if trial counsel's decisions were strategic or ineffective. Thus, we decline to address petitioner's claims on direct appeal.

For the foregoing reasons, we affirm.

Affirmed.

**ISSUED:** April 10, 2017

**CONCURRED IN BY:**

Chief Justice Allen H. Loughry II
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Elizabeth D. Walker

2